UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| GEORGE HENGLE and LULA WILLIAMS, *individually and on behalf of all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>MARK CURRY, *et al.*,<br><br>Defendants. | Case No. 3:18-cv-100-REP |

### NATIONWIDE AWL CLASS PLAINTIFFS' MOTION FOR LIMITED INTERVENTION

Royce Solomon, Jodi Belleci, Michael Littlejohn, and Giulianna Lomaglio (collectively, the "Nationwide AWL Class Plaintiffs") are the lead plaintiffs in a nationwide class action brought on behalf of individuals who took out online payday loans issued in the name of an entity called American Web Loan, *Solomon et al., v. American Web Loan, Inc. et al.*, No. 17-cv-00145-RAJ-RJK (E.D. Va.) ("*Solomon*"). The *Solomon* action has was filed in the Newport News Division of the United States District Court for the Eastern District of Virginia (the "Newport News Division") on December 15, 2017. The Nationwide AWL Class Plaintiffs, on behalf of themselves and a nationwide class of those similarly situated, hereby move the Court, pursuant to Federal Rule of Civil Procedure 24(a)(2),[1] to permit the Nationwide AWL Class Plaintiffs to intervene in the above-captioned action for the limited purpose of joining Defendants' Motion to Transfer this

---

[1] To the extent the Court finds that intervention under Federal Rule of Civil Procedure 24(a)(2) to be inappropriate here, the *Solomon* plaintiffs move this court pursuant to Federal Rule of Civil Procedure 24(b)(1)(B).

1

action to the Newport News Division, ECF Nos. 3, 4 (the "Motion to Transfer"), and state the following in further support of that motion.

On February 13, 2018, plaintiffs in this action (the "State Class Plaintiffs") filed a Complaint on behalf of a putative class of Virginia residents that is nearly identical to the nationwide class action filed approximately two months earlier by the Nationwide AWL Class Plaintiffs and against a subset of the defendants named in the *Solomon* action. *Compare* ECF No. 1 *with Solomon et al., v. American Web Loan, Inc. et al.*, No. 17-cv-00145-RAJ-RJK (E.D. Va.) (ECF No. 1). On February 21, 2018, certain defendants filed a Motion to Transfer this action to the Newport News Division, pursuant to the first-to-file rule. ECF Nos. 3, 4. Noting that, on the civil cover sheet attached to their Complaint, the State Class Plaintiffs had identified this action as "related to" a separate, earlier-filed action pending before this Court, *Williams, et al. v. Big Picture Loans, LLC, et al*, No. 17-cv-461 (E.D. Va.) ("*Big Picture*")—involving an entirely separate alleged rent-a-tribe scheme, different Native American tribes, an entirely different set of defendants, and an entirely different set of loans, loan documents, and loan transactions—this Court issued an Order on March 2, 2018, following the filing of the Motion to Transfer, directing the State Class Plaintiffs to file a Statement of Position explaining why this action is "related to" *Big Picture*. ECF. No. 10.

In their Statement of Position, the State Class Plaintiffs stated that "the term 'related to' is undefined on the [JS-44] Civil Coversheet, it should be construed with its ordinary and common meaning . . . which is 'connected in some way' or 'belonging to the same group.'" ECF No. 24. While the term "related to" remains undefined in this jurisdiction, the State Class Plaintiffs' definition is far broader than those articulated in numerous other jurisdictions which have defined the term. *See, e.g.*, *Williams v. WinCo Foods, LLC*, No. 2:12-CV-02690-KJM, 2013 WL 211246,

at *8 n. 4 (E.D. Cal. Jan. 10, 2013) (related cases "involve essentially the same parties, are based on the same claims, and involve the same event"); *Hynix Semiconductor Inc. v. Rambus Inc.*, No. C-00-20905 RMW, 2008 WL 3916304, at *1 (N.D. Cal. Aug. 24, 2008) (a related case is one "that concerns "substantially the same parties, property, transaction or event."); *Molinari v. Bloomberg*, No. CV08-4539 (ERK)(JO), 2008 WL 4876847, at *1 (E.D.N.Y. Nov. 12, 2008) ("a civil case may be deemed 'related' to an earlier case when the civil case: (A) relates to property involved in an earlier case, or (B) involves the same factual issue or grows out of the same transaction as does an earlier case. . . ."); *Bailey v. Reliance Tr. Co.*, No. 1:04-CV-0340-JOF, 2005 WL 8154440, at *2 (N.D. Ga. Mar. 8, 2005) (a related case is "one that involves '[t]he same issue of fact or arises out of the same event or transaction included in an earlier numbered pending suit.'"); *Elizabeth Blackwell Health Ctr. for Women v. Knoll*, No. CIV.A. 94-0169, 1994 WL 105529, at *1 (E.D. Pa. Mar. 29, 1994) (related case is one that ""relates to property included in another suit, or involves the same issue of fact or grows out of the same transaction as another suit . . . ."). Under these standards, it is highly unlikely that this action would be deemed "related to" *Big Picture*.

Moreover, even applying the State Class Plaintiffs' proposed interpretation of relatedness, the State Plaintiffs failed to include three other purportedly "related" actions on their civil cover sheet that were then pending in this District before the Hon. M. Hannah Lauck: *Gibbs, et al. v. Rees, et al.*, No. 3:17-cv-00386 (E.D. Va.), *Gibbs, et al. v. Plain Green, LLC, et al.*, No. 3:17-cv-00495-MHL (E.D. Va.), and *Gibbs, et al. v. Haynes Investments, LLC, et al.*, No. 3:18-cv-00048 (E.D. Va.). The State Class Plaintiffs also failed to identify as a "related" action a fourth action: an adversary proceeding filed in the U.S. Bankruptcy Court for the Northern District of Texas, *Gibbs, et al. v. Think Finance, LLC, et al.*, No. 17-03117-hdh (Bankr. N.D. Tex.). Lula Williams, a named plaintiff in each of those four actions — which were brought by the same plaintiffs'

3

counsel as this action and on behalf of Virginia residents who took out loans issued by two additional tribal lenders, Plain Green and Great Plains Lending – is also a named plaintiff in both this action and in *Big Picture*. While the Nationwide AWL Class Plaintiffs do not believe that *any* of these matters satisfy the definition of "related to," the State Class Plaintiffs' decision only to identify *Big Picture* as "related," while omitting all three of the actions pending before Judge Lauck **and *Solomon*** from their civil cover sheet raises serious questions. *See SAFECO Ins. Co. of Am. v. JAAAT Tech. Servs.*, LLC, No. 3:15-CV-19-JAG, 2015 WL 3886149, at *3 (E.D. Va. June 23, 2015) (condemning party for "procedural shenanigans" when it failed to disclose all potentially related actions on civil cover sheet).

Separate and apart from the first-to-file rule and whether this case is "related to" *Big Picture*, this Court should grant Defendants' Motion to Transfer in order "to avoid any risk of inconsistent rulings on class action issues, such as composition of classes and subclasses." *Byerson v. Equifax Info. Servs.*, LLC, 467 F. Supp. 2d 627, 636 (E.D. Va. 2006) (Payne, J.). This action is brought on behalf of a class of Virginia borrowers, while *Solomon* is brought on behalf of a nationwide class of borrowers. While Plaintiffs in this action contend that these differences in class definition militate against transfer, *see* ECF No. 12 at 14-15, this Court has found the opposite:

> The importance of litigating these related actions in one court is not diminished by the differences in the proposed class definitions. In fact, . . . the differences may make transfer of this action even more important. Because the essential claims . . . are so similar, a single district court hearing each of the related actions will be able to ensure that all consumers adversely affected by the practices complained of will be protected, and that none of their claims will fall through the cracks that may exist between the classes that ultimately are certified.

*Byerson*, F. Supp. 2d at 636. And while Plaintiffs note certain differences in the scope of claims alleged in this action and *Solomon*, this Court has stated that where two actions involve "the same

4

provision of federal law and the same basic conduct by the same [] defendants," these "similarities are more significant than are the differences" and therefore support transfer. *Id.* Indeed, both this action and *Solomon* allege the same essential claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO") for collection of unlawful debt and the exact same rent-a-tribe scheme perpetrated by Defendants.

For the reasons discussed above, the Nationwide Class Plaintiffs respectfully request that this Court grant their limited Motion to Intervene and grant Defendants' Motion to Transfer.

Dated:  May 4, 2018               Respectfully submitted,

**MICHIE HAMLETT**

*/s/ David W. Thomas*
David W. Thomas
500 Court Square, Suite 300
P.O. Box 298
Charlottesville, VA 22902
Telephone: (434) 951-7200
Fax: (434) 951-7218
Email: dthomas@michiehamlett.com

**BERMAN TABACCO**
Kathleen M. Donovan-Maher (*pro hac vice in Solomon*)
Steven J. Buttacavoli (*pro hac vice in Solomon*)
Steven L. Groopman (*pro hac vice in Solomon*)
One Liberty Square
Boston, MA  02109
Telephone: (617) 542-8300
Fax: (617) 542-1194
Email:  kdonovanmaher@bermantabacco.com
            sbuttacavoli@bermantabacco.com
            sgroopman@bermantabacco.com

**GRAVEL & SHEA PC**
Matthew B. Byrne (*pro hac vice in Solomon*)
76 St. Paul Street, 7th Floor
P.O. Box 369
Burlington, VT  05402-0369

                    Telephone: (802) 658-0220
                    Fax: (802) 658-1456
                    Email: mbyrne@gravelshea.com

*Counsel for the Solomon Plaintiffs and the Nationwide Class*

## CERTIFICATE OF SERVICE

    I hereby certify that on the 4th day of May, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to all counsel of record.

                    */s/ David W. Thomas*
                    David W. Thomas